Jason W. Hardin (8793)
Artemis D. Vamianakis (12703)
Tanner J. Bean (17128)
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, Utah 84111
Telephone: (801) 531-8900
jhardin@fabianvancott.com
avamianakis@fabianvancott.com
tbean@fabianvancott.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR AMERICA WEST BANK,<br><br>Plaintiff,<br><br>v.<br><br>AMERICA WEST BANK MEMBERS, L.C., DOUGLAS M. DURBANO, DURBANO LAW FIRM, P.C., AND DOES ONE TO TEN, INCLUSIVE,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br><br>Honorable _____ |

Plaintiff Federal Deposit Insurance Corporation as Receiver for America West Bank complains of Defendants as follows:

## JURISDICTION AND PARTIES

1. The Federal Deposit Insurance Corporation (the "**FDIC**") is an independent agency of the United States of America created by Congress to maintain stability and public confidence in the nation's financial system. To accomplish this mission, the FDIC insures deposits; examines and supervises financial institutions for safety, soundness, and consumer protection; makes large and complex financial institutions resolvable; and manages receiverships.

2. At all times relevant herein, the FDIC was acting in its capacity as Receiver (the "**FDIC-Receiver**") for America West Bank, L.C. ("**AWB**") and in that capacity is the Plaintiff herein.

3. Prior to May 1, 2009, AWB was a bank regulated by the Utah Department of Financial Institutions (the "**UDFI**").

4. Defendant America West Bank Members. L.C. ("**AWBM**") is a Utah limited liability company located in Layton City, Davis County, Utah, whose registered agent, majority owner, and managing member is Defendant Douglas M. Durbano ("**Durbano**"). AWBM's address is and was in the same building where AWB's principal offices previously were located, 476 West Heritage Park Blvd., Layton, Utah 85041. At one point in time, AWBM was registered as a bank holding company, for AWB.

5. Durbano was the President, CEO, General Counsel, and Chairman of the Board of Directors of AWB.

6. Durbano is also the majority owner and managing member of Durbano Development L.C. ("**Durbano Development**") that owns the building where AWB's principal offices were located and where AWBM is still located.

7. Defendant Durbano Law Firm, P.C. ("**Durbano Law**") is a Utah professional corporation located in Layton City, Davis County, Utah. Durbano is Durbano Law's director, President, and registered agent. Durbano is the majority owner and managing member of Durbano Law. Durbano Law is located in the same building where AWB's principal offices were located and where the office of AWBM is located. Prior to the closure of AWB, Durbano Law served as outside counsel for AWB.

8. Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does One to Ten and therefor sues those Defendants by fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants currently has, or in the recent past had, possession of AWB books, records, documents, digital data, or digital equipment or is responsible for the conduct, acts, and omissions of the other named Defendants in obtaining and maintaining possession of AWB Property. Plaintiff will seek leave to

amend the Complaint to allege their true names, capacities and conduct when ascertained.

9. The FDIC-Receiver brings this action to enforce the provisions of 12 U.S.C. § 1821(d)(2)(A), which was amended in relevant part by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("**FIRREA**") and which provides that the FDIC-Receiver, as a conservator or receiver, and by operation of law, succeeds to all "rights, titles, powers, privileges and assets" of a failed financial institution as well as to "title to the books, records and assets of any previous conservator or other legal custodian" of that financial institution (the "**Succession Clause**").

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 under 12 U.S.C. § 1819(b)(2) and also because the claims arise under 12 U.S.C. § 1821(d)(2)(a).

11. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for claims arising under Utah common law, because the claims are related to plaintiff's federal claims and arise out of a common nucleus of operative facts. Plaintiff's state and federal claims form part of the same or similar case or controversy.

12. Venue is appropriate in the United States District Court for the District of Utah under 28 U.S.C. § 1391(b) because all Defendants reside in this judicial district within the State of Utah and/or because all events or omissions giving rise to these claims occurred in this judicial district within the State of Utah.

## GENERAL ALLEGATIONS

### *America West Bank Is Closed and Enters Receivership*

13. On May 1, 2009, the UDFI closed AWB. At the request of the UDFI and pursuant to court order of the Second District Court of the State of Utah, the FDIC was appointed as AWB's receiver the same day.

14. Prior to its closure, Durbano requested and received from AWB complete access to all AWB's systems as well as two duplicate copies of all bank electronic records and some paper records, which he removed from AWB and maintained at Durbano Law.

15. On May 1, 2009, the FDIC-Receiver, by operation of law pursuant to 12 U.S.C. § 1821(d)(2)(a), succeeded to "all rights, titles, interests, powers, and privileges" of AWB and to "title to the books, records, and assets" of AWB (collectively, the "**AWB Property**").

16. However, despite the aforementioned, Durbano and Durbano Law did *not* turn over the AWB Property to the FDIC-Receiver despite demand therefor.

17. As a result, on May 4, 2009, the FDIC-Receiver sued Durbano and Durbano Law in a case styled *FDIC as Receiver for America West Bank v. Douglas M. Durbano et al.*, U.S. District Court, District of Utah, Central Division, Case No. 1:09-CV-00056 (the "**2009 Litigation**"), alleging claims of conversion, breach of contract, and misappropriation of trade secrets, and seeking the return of the AWB Property.

18. Also on May 4, 2009, in the 2009 Litigation, the United States District Court for the District of Utah issued a Temporary Restraining Order requiring Durbano and Durbano Law to "immediately deliver" certain of the AWB Property in their possession to the FDIC-Receiver, more specifically "any hard drive, computer or other electronic storage device that contains any copy, partial or complete, of America West Bank's software, or data, including but not limited to customer personally identifiable information."

19. On May 5, 2009, counsel for Durbano and Durbano Law returned to the FDIC-Receiver what it understood was all the AWB Property in the possession of Defendants.

20. On July 7, 2009, Durbano filed a declaration in the 2009 Litigation, under penalty of perjury, in which he stated that "I no longer have possession, custody or control of any America West Bank software, electronic files,

6

information or other data contained on the hard drive or server, nor do I have possession, custody or control of any copies (including, but not limited to, electronic copies as well as hand written or typewritten copies) thereof." Further, Durbano swore in the declaration that: "I know of no copies (including, but not limited to, electronic copies as well as handwritten or typed copies) of America West Bank software, electronic files, information or other data made or copies from the hard drive or server."

21.     Thereafter, relying on Durbano's declaration and the representations of Durbano and his counsel, the FDIC-Receiver dismissed the 2009 Litigation.

### *AWBM Sues the UDFI*

22.     On December 1, 2015, AWBM, represented by Durbano Law, filed a case styled *America West Bank Members, L.C. v. Utah et al*, Third Judicial District, Salt Lake County, Utah, Case No. 150908476, which was thereafter removed to the U.S. District Court for the District of Utah, Northern Division, Case No. 2:16-CV-00326, on April 21, 2016 (the "**UDFI Litigation**").

23.     The UDFI Litigation is the continuation of a case initiated by AWBM on June 28, 2011, which was dismissed by the district court, appealed by AWBM, and affirmed by the Utah Supreme Court, but holding the dismissal would be without prejudice. *See America West Bank Members, L.C. v. Utah et al*, Third

Judicial District, Salt Lake County, Utah, Case No. 110915676; *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, 342 P.3d 224.

24. In the UDFI Litigation, AWBM claimed the UDFI wrongfully closed AWB, alleging causes of action for violation of procedural and substantive due process; a claim under 42 U.S.C. §§ 1983, 1988, and the United States Constitution; and takings claims under Utah Constitution Art. I § 22 and the Fifth Amendment to the United States Constitution.

25. The FDIC became familiar with the UDFI Litigation by responding to multiple subpoenas from AWBM in that lawsuit.

26. The FDIC and FDIC-Receiver intervened in the UDFI Litigation for the limited purpose of opposing AWBM's motion to amend its Second Amended Complaint to name the FDIC as a defendant. The court denied that motion.

27. During the UDFI Litigation, the FDIC-Receiver became aware of representations made by AWBM, its representatives, affiliates, agents, witnesses, and attorneys admitting to possession of AWB Property.

28. For example, during the UDFI Litigation, Durbano Law represented to the Court that Durbano Development alerted AWBM of the existence of a locked storage cabinet in the former AWB offices that contained AWB Property and that AWBM took possession of that property. AWBM also represented that

former AWB officers and employees possessed AWB records, digital data, and digital equipment that was also turned over to AWBM. Durbano Law represented to the Court that AWBM was exerting control over, among other items of AWB Property, the following:

    a. Multiple AWB board of directors meeting minutes;

    b. An AWB loan policy manual;

    c. Various AWB policy manuals;

    d. AWB profit and loss manuals;

    e. Certain electronic recording devices;

    f. Forty-three (43) CD-ROMs of AWB employee emails delivered to Durbano Law by Curtis J. Lalli ("**Lalli**"), AWB's former IT Manager;

    g. 10 GB of AWB Microsoft Outlook files;

    h. Thirty-three (33) bankers boxes of paper AWB files and records;

    i. 799,862 AWB electronic files stored in 8,344 different folders, delivered to Durbano Law by Lalli;

    j. Laptop or desktop computers of various AWB employees, including but not limited to, Durbano, Lalli, and Brent Wilde ("**Wilde**"), AWB's former CFO, Secretary and Treasurer;

  k. An 8 GB .pst file obtained from Wilde containing AWB emails also archived on Wilde's personal computer;

  l. 2,900 AWB related emails from Wilde's personal computer;

  m. Two (2) boxes of documents from Mr. Bentley Wilson ("**Wilson**"), AWB's former Vice President in charge of capital raising, delivered to Durbano Law in preparation for Wilson's deposition in the UDFI Litigation; and

  n. One (1) box of documents delivered to Durbano Law from William Brent Savage, former AWB independent auditor/examiner.

29. Also, during the deposition in the UDFI Litigation of Brian Zern ("**Zern**"), a former member of AWB's Special Workout Team, he produced to counsel for the parties in that case one or more copies of a thumb drive containing AWB information, including personally identifiable information of former AWB customers, plus some paper records.

30. In addition to the AWB Property referenced during the UDFI Litigation, on information and belief, Defendants may possess additional AWB Property that is not known to FDIC-Receiver at this time. Hence, the list of AWB Property in paragraphs 28-29 above is not meant to be comprehensive or complete.

31. Recently, on June 21, 2023, in the UDFI Litigation, Judge Clark Waddoups granted the Defendants' motion for summary judgment and dismissed all AWBM's claims therein with prejudice. In doing so, Judge Waddoups referenced and expressly reaffirmed FIRREA's Succession Clause and its applicability to AWB. As a result, there is no question that the FDIC-Receiver has succeeded to the title of *all* records and assets of AWB, including the AWB Property that is the subject of this lawsuit and that is being wrongfully retained by Defendants.

### *Defendants' Continued Refusal to Return the AWB Property*

32. After discovering AWBM's and/or Durbano Law's statements regarding the AWB Property in the UDFI Litigation, the FDIC-Receiver sent Defendants correspondence demanding the return of all AWB Property in their possession, custody, or control.

33. To date, however, Defendants have refused to recognize the FDIC-Receiver's rightful ownership of the AWB Property and have refused to return the AWB Property they (and likely others acting for or on their behalf) still retain.

34. On information and belief, Defendants continue to possess and retain AWB Property, including AWB Property not expressly mentioned herein.

35. At no time have Defendants returned or agreed to return any of the AWB Property to the FDIC-Receiver, despite the FDIC-Receiver's demands.

36. In the end, Defendants have no justifiable basis for not immediately returning the AWB Property to the FDIC-Receiver, have no legitimate need for retaining the AWB Property, and, most importantly, have no legal claim to the title of the AWB Property.

**FIRST CAUSE OF ACTION**
Conversion
*Against All Defendants*

37. Plaintiff realleges and incorporates by reference all other allegations of this Complaint as if fully set forth herein.

38. The AWB Property retained by Defendants is valuable and contains considerable sensitive nonpublic information.

39. On May 1, 2009, pursuant to 12 U.S.C. § 1821(d)(2)(A), by operation of law, title and all rights to the AWB Property passed from AWB to the FDIC-Receiver.

40. Thus, on May 1, 2009, the FDIC-Receiver was entitled to immediate possession of all AWB Property and today remains entitled to immediate possession of all AWB Property.

41. Despite title to all AWB Property passing to the FDIC-Receiver, Defendants, willfully and without lawful justification, interfered with and deprived the FDIC-Receiver of the use and possession of the AWB Property by wrongfully retaining AWB Property and refusing to return it.

42. The FDIC-Receiver has never waived or expressed any intention whatsoever to waive its right to possess and own the AWB Property.

43. The FDIC-Receiver has been damaged and continues to be damaged by Defendants' interference with and ongoing deprivation of the FDIC-Receiver's use and possession of the AWB Property.

44. Defendants' wrongful retention of the AWB Property has placed in jeopardy of disclosure at least the following:

    a. Sensitive, nonpublic personally identifiable information pertaining to AWB's former customers;

    b. Confidential and privileged information belonging to AWB, including but not limited to financial statements and reports, internal meeting minutes, and strategic business plans;

    c. Confidential and privileged information belonging to the FDIC, FDIC-Receiver, and/or UDFI, including regulatory communications and reports of examinations; and

d. Suspicious Activity Reports mandated to be confidential and strictly internal to AWB and its regulators.

45. FDIC is entitled to an order directing the Defendants to cease any and all efforts to modify, dispose of, publish, transfer, or conceal the AWB Property in their possession and to immediately turn over all AWB Property to the FDIC-Receiver.

## SECOND CAUSE OF ACTION
### Writ of Replevin
*Against All Defendants*

46. Plaintiff realleges and incorporates by reference all other allegations of this Complaint as if fully set forth herein.

47. Defendants have concealed their wrongful and unlawful possession of the AWB Property.

48. Defendants are, however, in actual possession of the AWB Property, which belongs to the FDIC-Receiver.

49. On information and belief, the wrongfully retained AWB Property is being held at AWBM's office or some other location known to and directed by Durbano.

50. Absent a Writ of Replevin ordering immediate seizure and attachment of the AWB Property, it is likely Defendants may modify, dispose of, publish,

transfer, use, or conceal the AWB Property further, leaving the FDIC-Receiver without a remedy unless this Court issues a Writ of Replevin.

### THIRD CAUSE OF ACTION
### Injunctive Relief
### *Against All Defendants*

51. Plaintiff realleges and incorporates by reference all other allegations of this Complaint as if fully set forth herein.

52. Plaintiff has been and continues to be irreparably harmed by Defendants' wrongful and unlawful possession, retention, and refusal to return the AWB Property.

53. The irreparable harm suffered by Plaintiff cannot be quantified or remedied by monetary damages alone because, among other things, Defendants' wrongful and unlawful possession, retention, and refusal to return the AWB Property threatens the integrity of the process by which banks are orderly closed in the United States and threatens the unjustified and unauthorized use and disclosure of confidential and personally identifiable information of third parties who were former customers of AWB.

54. Plaintiff will continue to suffer irreparable injury without preliminary and permanent injunctive relief requiring the return of all AWB Property and prohibiting the retention of AWB Property by Defendants.

15

55. Mandatory injunctive relief requiring the return of all AWB Property is justified by the facts of this case, including but not limited to Defendants' willful and intentional refusal to recognize the FDIC-Receiver as the successor to title, and, thus, ownership of the AWB Property, and/or to return the AWB Property to Plaintiff despite being requested to do so. In short, Defendants are in no way innocent in their behavior.

56. Plaintiff has no adequate remedy at law.

57. The threatened injuries to Plaintiff outweigh whatever damage an injunction may cause to Defendants.

58. An injunction under the present circumstances would not be adverse to the public interest and would instead promote the public interest.

59. There is a substantial likelihood that Plaintiff will prevail on the merits of its claims.

60. Accordingly, all the requirements for entry of a preliminary and then permanent injunction are met and Plaintiff is entitled to a preliminary and permanent injunctive relief requiring the return of all AWB Property in the possession and/or control of Defendants and prohibiting Defendants from retaining and/or otherwise possessing any AWB Property in the future.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendants as follows:

A.  For an order declaring that Plaintiff is successful on its conversion claim and that, as a result, Defendants must immediately return all AWB Property to Plaintiff;

B.  For a Writ of Replevin ordering the immediate seizure and attachment of all AWB Property in the possession and/or control of Defendants;

C.  For preliminary and permanent injunctive relief requiring the return of all AWB Property in the possession and/or control of Defendants and prohibiting Defendants from retaining and/or otherwise possessing any AWB Property in the future.

D.  For attorneys' fees and costs incurred herein;

E.  For all other and further relief as the Court deems just and proper.

DATED this 3rd day of August 2023.

/s/ *Jason W. Hardin*
Jason W. Hardin
Artemis D. Vamianakis
Tanner J. Bean
FABIAN VANCOTT
*Attorneys for Plaintiff*