IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for AMERICA WEST BANK, L.C.,<br><br>　　　Plaintiff,<br><br>v.<br><br>AMERICA WEST BANK MEMBERS, L.C., DOUGLAS DURBANO, and DURBANO LAW FIRM, P.C.,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No. 1:23-cv-00087-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is the motion to dismiss this action filed by defendants America West Bank Members, L.C., Douglas Durbano, and Durbano Law Firm, P.C. (collectively, defendants). ECF No. 25. The motion is DENIED.

## BACKGROUND

America West Bank, L.C. (AWB) was a bank regulated by the Utah Department of Financial Institutions (UDFI). Durbano was the President, CEO, General Counsel, and Chairman of the Board of Directors of AWB. America West Bank Members, L.C. (AWBM) was at one time a bank holding company for AWB. Durbano is the registered agent, majority owner, and managing member of AWBM. Durbano owns a law firm called Durbano Law Firm, P.C. (Durbano Law).

On May 1, 2009, the UDFI closed AWB. That same day, the Federal Deposit Insurance Corporation (FDIC) was appointed as AWB's receiver. By operation of law, the FDIC obtained all rights to the books, records, and assets of AWB. On May 4, 2009, a court ordered Durbano and Durbano Law to deliver to the FDIC "any hard drive, computer or other electronic storage device

that contains any copy, partial or complete, of America West Bank's software, or data, including but not limited to customer personally identifiable information." On May 5, 2009, counsel for Durbano and Durbano Law delivered to the FDIC what it assumed to be all items covered by the court order. In July 2009, Durbano represented in a declaration: "I no longer have possession, custody or control of any America West Bank software, electronic files, information or other data contained on the hard drive or server, nor do I have possession, custody or control of any copies (including, but not limited to, electronic copies as well as hand written or typewritten copies) thereof."

In December 2015, AWBM sued the UDFI, alleging that it had wrongfully closed AWB. AWBM moved to amend the complaint to add the FDIC as a defendant. The FDIC appeared in the litigation for the limited purpose of opposing the motion to amend. The court denied the motion. At some point during the UDFI litigation, the FDIC became aware of representations made by Durbano Law that AWBM had taken possession of a locked storage cabinet from the former AWB offices. Durbano Law further represented that AWBM had taken possession of AWB documents, electronic recording devices, CD-ROMs containing AWB employee emails, Microsoft Outlook files, multiple banker's boxes of AWB's files and records, and multiple AWB computers and electronic files. AWBM also stated that it had taken possession of AWB records and digital data. After discovering these representations, the FDIC demanded that the defendants deliver these items to the FDIC because it is the receiver of AWB. The defendants refused.

On August 3, 2023, the FDIC sued the defendants, asserting claims for conversion, writ of replevin, and injunctive relief. In this lawsuit, the FDIC seeks an order requiring the defendants to turn over AWB's records and digital data. The defendants moved to dismiss this action on two grounds. First, they argue that the FDIC lacks prudential standing to bring this action because it is

2

no longer the receiver for AWB. Second, they argue that this action is barred by the three-year statute of limitations for conversion.

## ANALYSIS

### I.      PRUDENTIAL STANDING

The defendants argue that the court should dismiss this action because the FDIC is no longer the receiver for AWB. In support of this claim, the defendants quote from a page found on the FDIC's website entitled 2022–2026 FDIC Strategic Plan. This document describes to the public the FDIC's "long-term strategic goals and objectives for carrying out its core mission responsibilities." FDIC, https://www.fdic.gov/about/strategic-plans/ (last visited August 8, 2024). In the Strategic Plan, the FDIC states that it "seeks to terminate receiverships in an orderly and expeditious manner" and that it seeks to market a bank's assets within 120 days of a bank's failure. FDIC, https://www.fdic.gov/about/strategic-plans/strategic/receivership.html (last visited August 8, 2024). Relying on these general statements found on the FDIC's website, the defendants argue that the court should not believe the FDIC's assertion in the complaint that it continues to be the receiver for AWB and dismiss this action because the FDIC lacks prudential standing to assert claims on behalf of AWB. *See The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) ("The prudential standing doctrine encompasses various limitations, including 'the general prohibition on a litigant's raising another person's legal rights.'" (citation omitted)).

The defendant's argument may not be resolved at this stage of the proceedings. When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

The FDIC alleges in the complaint that it brings this action in its current capacity as the receiver for AWB. In the context of a motion to dismiss, the court must accept this allegation as true.

Moreover, the court typically may not consider matters outside of the complaint without converting the motion to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *Armijo v. FedEx Ground Package Sys.*, 285 F. Supp. 3d 1209, 1213 (D.N.M. 2018). The defendants have not asked the court to treat their motion as a motion for summary judgment, and the court declines to do so. Accordingly, the court may not consider the defendants' references to the FDIC website.

## II.   STATUTE OF LIMITATIONS

The defendants also argue that the FDIC's complaint should be dismissed because its claims are barred by the three-year statute of limitations for conversion. "A complaint need not anticipate any affirmative defenses that may be raised by the defendant, including the statute of limitations; it is the defendant's burden to plead an affirmative defense." *Bistline v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019); *accord*, 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1276 (4th ed. 2024). "But '[a] statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (alteration in original) (citation omitted). Pointing to the FDIC's assertion in the complaint that it was appointed as a receiver for AWB on May 1, 2009, the defendants contend that the conversion claim accrued on this date and that the complaint establishes that the limitations period ran well before the FDIC filed this action in 2023.

The court disagrees. The statute of limitations for a tort claim brought by the FDIC in its role as a receiver is "the longer of . . . the 3-year period beginning on the date the claim accrues;

4

or . . . the period applicable under State law." 12 U.S.C. § 1821(d)(14)(A)(ii). The Utah statute of limitations for conversion is also three years. UTAH CODE § 78B-2-305(2). "A tort cause of action accrues when it becomes remediable in the courts, that is, when all elements of a cause of action come into being." *Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 19 (Utah 1990). One of the elements of a conversion claim is that the defendant must take possession of the personal property. *Allred v. Hinkley*, 328 P.2d 726, 728 (1958). The complaint alleges that at some indefinite point in time, the defendants took possession of the contents of a locked storage cabinet left in AWB's former offices. The FDIC's complaint further asserts that former AWB officers also turned over records and digital data to AWBM without stating when this happened. Because the FDIC did not allege when the defendants took possession of the material at issue in this case, the complaint does not disclose the information necessary to determine when the conversion claim accrued. Accordingly, the court may not dismiss this action on statute of limitations grounds because this defense cannot be adjudicated on the face of the complaint.[1] The resolution of the statute of limitations issue must await summary judgment or trial. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (holding that dismissal "is appropriate "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense. As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial)" (citation omitted)) (cited with approval in *Bistline*, 918 F.3d at 876 n.12).

---

[1] The court notes that further development of the facts of the case may reveal whether any exceptions to the statute of limitations defense may apply.

## CONCLUSION

For the above-stated reasons, the defendants' motion to dismiss is denied.

DATED August 27, 2024.

                                                  BY THE COURT

                                                  _____
                                                  Jill N. Parrish
                                                  United States District Court Judge